**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH ALEXANDER,<br>Plaintiff,<br>v.<br>DAWN HILL-KEARSE et al.,<br>Defendants. | Case No.: 26-cv-00521-DMS-BJW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING COMPLAINT** |

On January 23, 2026, Plaintiff Joseph Alexander, proceeding *pro se*, filed this action against Defendants Dawn Hill-Kearse and Sergio Jimenez. (Compl., ECF No. 1). Plaintiff concurrently filed a Motion to Proceed *In Forma Pauperis* ("*IFP* Motion"), which is currently pending before the Court. (*IFP* Mot., ECF No. 2). For the following reasons, the Court grants Plaintiff's *IFP* Motion and *sua sponte* dismisses the Complaint with leave to amend.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee

of $405. 28 U.S.C. § 1914(a)–(b).[1] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's *IFP* Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240). (*IFP* Mot. 1). Plaintiff reports that his only source of income within the past twelve months was from employment where he earned $1,000 per month. (*Id.*). Plaintiff states that he has $55 in a checking or savings account, but does not have any other assets. (*Id.* at 2). Plaintiff reports monthly expenses totaling $1,000. (*Id.*). The Court finds that Plaintiff has sufficiently demonstrated that he cannot "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court grants Plaintiff's *IFP* Motion.

## II. *SUA SPONTE* SCREENING

### A. Background

On January 23, 2026, Plaintiff filed this action. Plaintiff's Complaint consists of one allegation that "Defendants conspired together and intentionally delayed the calendar of motions, in violation of due process." (Compl. 1). Plaintiff states the "basis for this court's jurisdiction is federal law" and "demands compensation of $500,000." (*Id.*). The Complaint does not contain any other factual allegations.

[1] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

**B. Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *IFP* complaint and dismiss the case if, at any time, it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (confirming § 1915(e)(2)(B) applies to non-prisoners as well). A complaint "is frivolous where it lacks an arguable basis either in law or in fact" and malicious where "it was filed with the intention or desire to harm another." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation modified). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Finally, dismissal is warranted when the plaintiff seeks monetary relief against an immune defendant, as long as the court "has sufficient information to make a determination on immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**C. Discussion**

The Court now examines the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant with immunity from such relief.

Although *pro se* filings should be liberally construed, the Complaint fails to state a claim upon which relief may be granted because it does not contain any factual allegations supporting the cause of action. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation modified)). Furthermore, the Complaint violates Rule 8 because it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Deuschel v. Cal. Health & Hum. Servs. Agency*, No. 24-3129, 2025 WL 1625535, at *1 (9th Cir. June 9, 2025) (finding a complaint may be properly dismissed under § 1915(e)(2) for failing to comply with Rule 8). As such, the Complaint does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (citation modified). Accordingly, Plaintiff's sole claim is dismissed.

## III. CONCLUSION AND ORDER

A court "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation modified). Here, it is not absolutely clear that the identified deficiencies could not be cured by amendment. Accordingly, the Complaint is dismissed with leave to amend.

For the foregoing reasons, the Court **GRANTS** Plaintiff's *IFP* Motion and *sua sponte* **DISMISSES** the Complaint with leave to amend. Within twenty-one (21) days of the date of this Order, Plaintiff may file an amended complaint.

**IT IS SO ORDERED.**

Dated: August 17, 2026

Hon. Dana M. Sabraw
United States District Judge